UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Swafford, | ) | C/A No.: 5:12-cv-03024-TMC-KDW |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| | ) | |
| Larry Cartledge, Warden Perry Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, David Swafford ("Petitioner" or "Swafford"), a state prisoner, filed this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 16, 17. Petitioner filed a response in opposition to Respondent's motion on April 20, 2013. ECF No. 21. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 16, be GRANTED.

    I.    Factual Background

Petitioner is currently incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In 2003, Petitioner was indicted in the April term of the Pickens County Grand Jury for Leaving the Scene of an Accident Resulting in

Death and Felony DUI Resulting in Death. App. 388-91.[1]  On April 19-21, 2005, a jury trial was conducted before the Honorable Larry R. Patterson in Pickens, South Carolina.  App. 2-385. Attorney David Harrison represented Petitioner, and Attorneys Judy Munson and Jennifer Tessitore represented the State.  App. 2.  On April 21, 2005, Petitioner was convicted as indicted. App. 378-79.  Petitioner was sentenced to 25 years for the felony DUI charge, and 15 years for leaving the scene, with the sentences to run concurrent.  App. 384-85.

II.     Procedural History

Trial counsel timely filed and served the notice of appeal.   Petitioner filed his Initial Brief of Appellant on October 23, 2006. App. 491-99. The State filed its Initial Brief of Respondent on December 5, 2006.  App. 500-12.  On November 30, 2007, the South Carolina Court of Appeals issued an order affirming Petitioner's conviction.  App. 516-521.  Petitioner filed a Petition for Rehearing on February 5, 2008, which was denied on March 25, 2008.  ECF Nos. 16-1, 16-2.   Petitioner filed a Petition for Writ of Certiorari with the South Carolina Supreme Court on June 26, 2008, ECF No. 16-3, and the State filed its Return on July 28, 2008, ECF No. 16-4.  The Petition for Writ of Certiorari was denied on January 8, 2009.  ECF No. 16-5.  The Remittitur was issued on January 12, 2009.  ECF No. 16-6.

On March 10, 2009, Petitioner filed an application seeking post-conviction relief ("PCR"). App. 392-98.  On August 23, 2010, an evidentiary hearing was conducted before the Honorable D. Garrison Hill in Pickens, South Carolina. App. 399.  Petitioner was represented by Brandt Rucker, Esq., while the State was represented by Assistant Attorney General Karen Ratigan.  *Id.*  Petitioner; Petitioner's former trial counsel, David R. Harrison; Petitioner's appellate counsel, Eleanor Duffy Clearly; and witness Sharon Atkinson testified at the hearing.

---

[1] Citations to "App." refer to the Appendix for Petitioner's direct appeal of his judgment of conviction. That appendix is available at ECF Nos. 26-11, 26-12, 26-13, and 26-14 in this habeas matter.

App. 401-481. On November 17, 2010, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly.

Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

Ineffective Assistance of Trial Counsel

The Applicant alleges he received ineffective assistance of trial counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). In order to prove prejudice, an applicant must show "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry v. State, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625 (1989). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052).

The Applicant stated he met with trial counsel four or five times before trial. The Applicant stated they reviewed the witnesses' statements, the incident report, his statement, and his contention that he was not guilty. The Applicant stated he told trial counsel that Jerry Gillespie was the driver involved in the accident and that he was the passenger. The Applicant stated trial counsel failed to poke holes in the State's case. The Applicant testified trial counsel should have further questioned Chuck Patterson because, while Patterson identified Applicant as the driver, he is Gillespie's best friend. The Applicant testified trial counsel failed to effectively question Carol Balent about her statement. The Applicant testified trial counsel never objected to Anthony Smith's identification of him.

3

The Applicant testified trial counsel should have investigated whether Gillespie and Patterson could have heard the accident from where they said they were located. The Applicant stated trial counsel should have interviewed several other people about the case.

Sharon Atkinson stated Jerry Gillespie told her (and Brian Bobo) that he had been the driver of the vehicle. Atkinson admitted she never told this story to either police or trial counsel.

Trial counsel testified he filed discovery motions in this case and reviewed the discovery materials with the Applicant. Trial counsel testified the Applicant was intoxicated at the time of the accident and could not tell him whether or not he was the driver. Trial counsel testified he and the Applicant discussed potential witnesses and that he spoke to most of these individuals. Trial counsel testified he first heard of Jerry Gillespie through a witness and that he intended to argue third-party guilt at trial. Trial counsel stated he tenaciously argued to the trial judge that evidence of third-party guilt should be admitted, but the trial judge disagreed. Trial counsel stated that at one point the trial judge, in fact, levied a contempt charge on him when he attempted to further pursue the issue. Trial counsel stated he proffered the testimony of the witnesses regarding third-party guilt (i.e. that Jerry Gillespie, and not Applicant, was the driver of the vehicle). Trial counsel stated he should have moved for a mistrial because the trial judge inserted himself into the proffer process. Trial counsel testified that - in hindsight- he wished that he had better cross-examined some of the witnesses. Trial counsel testified, however, that he made a strategic decision not to do so both because he did not want to attack them and because trying to clean up inconsistencies in testimony can sometimes backfire.

Appellate counsel stated she perfected the appeal at the South Carolina Court of Appeals. Appellate counsel stated courts disfavor the third-party guilt argument but that trial counsel could have strengthened the case for appeal. Appellate counsel stated trial counsel should have presented evidence: (1) that the State witnesses had mentioned Gillespie, (2) that Patterson was a good friend of Gillespie, and (3) that the proffer witnesses were credible. Appellate counsel admitted, however, that trial counsel preserved the argument for third-party guilt at trial and it was merely her opinion that his argument could have been more thorough.

This Court finds the Applicant failed to meet his burden of proving trial counsel did not properly present his argument for the admission of third-party guilt evidence. At trial, the State objected to trial counsel's plan to introduce evidence of third-party guilt and the trial judge stated he would rule on whatever objections were made on the issue. (Trial transcript, pp.272-73). After the State rested its case, trial counsel proffered testimony from, several witnesses on the subject of third-party guilt.[1] (Trial transcript. pp. 285-89; pp.289-92; pp.293-98). The parties then argued whether the standard for admitting third-party guilt had

4

been met. (Trial transcript, pp. 308-13). The trial judge ruled all evidence of third-party guilt was excluded. (Trial transcript, pp.317-20). This Court finds trial counsel presented a compelling argument in favor of allowing the introduction of third-party guilt evidence. See, State v. Cooper, 334 S.C. 540, 514 S.E.2d 584 (1999); State v. Gregory, 198 S.C. 98, 16 S.E.2d 532 (1941). Trial counsel cited relevant case law and made a thorough argument on the Applicant's behalf. This Court finds trial counsel adequately presented the issue and preserved it for appellate review. This Court further finds it is pure speculation to surmise that additional cross-examination of State witnesses would have resulted in the trial judge allowing third-party guilt evidence.

Regardless, this Court finds the State presented a strong case at trial. Two witnesses stated they saw a gray truck hit the victim's car. (Trial transcript, pp.217-23; pp.235-39). Two other witnesses testified they only saw one person in the gray truck, and one of those witnesses identified the Applicant as that person. (Trial transcript, pp. 225-32; pp.276-80). Patterson testified he saw the Applicant driving a gray truck shortly before the accident and that he picked up Gillespie on the way to the accident scene. (Trial transcript, pp.211-16). The police found only one person outside the wrecked gray truck - the Applicant (Trial transcript pp. 193-201; pp.245-51). When the Applicant was arrested, he told police he was by himself. (Trial transcript, pp.202-03). This Court finds the State presented overwhelming evidence of the Applicant's guilt. See Franklin v. Catoe, 346 S.C. 563, 570 n. 3, 552 S.E.2d 718,722 n. 3 (2001) (finding overwhelming evidence of guilt negated any claim that counsel's deficient performance could have reasonably affected the result of defendant's trial); Geter v. State, 305 S.C. 365, 367, 409 S.E.2d 344, 346 (1991) (concluding reasonable probability of a different result does not exist when there is overwhelming evidence of guilt).

This Court finds the Applicant failed to meet his burden of proving trial counsel did not properly cross-examine State witnesses. Trial counsel testified he did not cross-examine State witnesses such as Carol Balent or John Cummings because he did not want the jury to believe he was attacking ordinary citizens. Trial counsel also testified he did not aggressively cross-examine some witnesses about potential inconsistencies because he was afraid their answers could come back to hurt his client. This Court finds trial counsel's decisions regarding his cross-examination of State witnesses were reasonable and strategic in nature. See Roseboro v. State, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995) (finding where trial counsel articulates a valid reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel).

---

[1] This Court notes Jerry Gillespie was one of these proffered witnesses. Gillespie testified that, after he heard the accident, he rode to the scene with Chuck Patterson. Gillespie testified he had never been in the truck with the Applicant. (trial transcript. pp. 285-89).

> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant. This Court finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation. This Court also finds the Applicant has failed to prove the second prong of Strickland - that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving trial counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.
>
> ### All Other Allegations
>
> As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.
>
> ### CONCLUSION
>
> Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his trial and sentencing proceedings. Trial counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

App. 484-490. Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend. On September 23, 2011, Petitioner, represented by J. Brandt Rucker, Esquire, filed a Petition for Writ of Certiorari. ECF No. 16-7. The Petition argued the following ground: "Did the circuit court err in holding that Petitioner's trial counsel was not ineffective in failing to object to improper eyewitness testimony." *Id.* at 3. The State filed its Return to the Petition for Writ of Certiorari and argued that "the issue of whether trial counsel should have objected to Anthony Smith's identification of Petitioner is not preserved for appellate review, and regardless, does not succeed on the merits." ECF No. 16-8 at 2. On January 11, 2012, the South Carolina Supreme

Court entered an order denying the Petition. ECF No. 16-9. The Remittitur was issued on January 30, 2012. ECF No. 16-10. This Petition for habeas corpus followed on October 19, 2012. ECF No. 1.

    III.    Discussion

        A.    Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a writ of habeas corpus, quoted verbatim:

**GROUND ONE**:

> Supporting facts: Petitioner is currently incarcerated because of the ineffective assistance of trial counsel. Petitioner was found near the scene of a fatal traffic accident. Trial counsel failed to investigate the case sufficiently, and failed to locate a witness who heard the confession of a suspect who more closely fit the description of the actual driver who caused the wreck. Petitioner was solely identified by a witness during a blatantly unconstitutional show up identification in which the petitioner was brought to the Law Enforcement center and was shown and handcuffed to the witness who then identified the petitioner as the driver of the vehicle.

ECF No. 1 at 5.

        B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including

7

those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

1. Generally

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 399 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Moreover, state court

factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

        2.        Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

        a.        Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>         (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>         (B)    (i) there is an absence of available State corrective process; or
>
>                 (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

>   (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina appellate courts. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South

Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

      b.  Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

    3.  Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external

factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 495. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.* at 696.

### C. Analysis

Respondent contends that the ground in Petitioner's habeas petition is barred for consideration by the court because Petitioner failed to exhaust this ground in the South Carolina appellate courts. ECF No. 16 at 9. Respondent argues that Petitioner's contention regarding his trial counsel's inadequate investigate was not raised in his PCR appeal, and is therefore procedurally barred. *Id.* at 13. Respondent also alleges that Petitioner's argument concerning the show-up identification was not addressed in the PCR order, and because PCR counsel failed to make a Rule 59 motion, this claim is also procedurally barred. *Id.* at 20. Petitioner contends that he exhausted his claims in the South Carolina courts in that the "PCR judge address[ed] the trial strategy of trial counsel, and the failure to properly object to the showup identification or subsequent cross examination of Anthony Smith." ECF No. 21 at 4.

Addressing Petitioner's inadequate investigation argument, the undersigned notes that Petitioner raised this issue in his PCR application, App. 394, and at the PCR hearing, App. 402, 420-421, 425-429. Petitioner, however, did not appeal the PCR's court's denial of his inadequate investigation claim and therefore did not preserve this issue on appeal in the collateral proceeding. *See* ECF No. 16-7 (Pet'r's Pet. for Writ of Cert. in PCR matter). Therefore, this ground is procedurally barred from review. *See Marlar,* 653 S.E.2d at 267. Considering Petitioner's improper identification argument, the undersigned has reviewed the PCR court's Order of Dismissal and finds that Petitioner's claims concerning trial counsel's ineffectiveness for failing to challenge his identification by a witness was not ruled on by the PCR court. Therefore, this issue is procedurally barred from federal habeas review. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred). Accordingly, Petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the grounds delineated in his habeas petition.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. The existence of cause ordinarily turns upon a showing of: 1) a denial of effective assistance of counsel, 2) a factor external to the defense which impeded compliance with the state procedural rule, or 3) the novelty of the claim. *Murray*, 477 U.S. at 488.

The undersigned has reviewed the record and finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of the above-referenced claim. Petitioner had numerous opportunities to raise the issue that he is now attempting to bring before this court, however, he failed to raise it properly or preserve the issue for habeas review.  Additionally, Petitioner has not argued that he is actually innocent of the crimes for which he was convicted, such "that failure to consider the claims will result in a fundamental miscarriage of justice." *Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000) (citing *Coleman*, 501 U.S. at 750)); *see also Weeks v. Angelone*, 176 F.3d 249, 269 (4th Cir. 1999). The undersigned therefore recommends that the Respondent's Motion for Summary Judgment be granted.[2]

IV.    Conclusion

For the foregoing reasons, the court recommends that Respondent's Motion for Summary Judgment, ECF No. 16, be GRANTED and the habeas Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

September 23, 2013                                                        Kaymani D. West
Florence, South Carolina                                               United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[2] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits.